Ruben F. Arizmendi, Esq.
ARIZMENDI LAW FIRM
SBN 151182
110 West C Street, Suite 1300
San Diego, CA 92101
Tel: (619) 231-0460
Fax: (619) 231-1899

Attorney for Debtor/Respondent

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>JESSIE ARIZMENDI,<br><br>    Debtor.<br><hr>ONEWEST BANK, FSB,<br><br>    Moving Party.<br><br>Vs.<br><br>JESSIE M. ARIZMENDI, DEBTOR; AND THOMAS H. BILLINGSLEA, CHAPTER 13 TRUSTEE,<br><br>    Respondents. | CASE NO: 09-19263-PB13<br><br>**DEBTORS' DECLARATION IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Rs No. CNR-1<br><br>Date: 9-28-2010<br>Time:  2:00 pm<br>Dept.:  ONE |

I, JESSIE M. ARIZMENDI, hereby declare under the penalty of perjury under the laws of the United States of America, that the following is true and correct:

   a) **Opposing party's interest in the property**. On or about June of 2000, I moved into the real property located at 2234 Morose Street, Lemon Grove, CA 91945. I have a 50% proprietary interest in this property, the other 50% belonging to my daughter-in-law, Frida Vissuet.

1

b) **Grounds for the opposition.** My intention has always been to keep and remain in this property, which has been my primary residence for the last 10 years. This residence has been modified to accommodate my disabilities. I am an 86-year old woman who has hearing loss and I have severe trouble walking on my own. I use a walker to get around the house. I can rarely leave my home and I feel that my health is deteriorating. My current treating physician has stated that I have serious health problems and that the loss of my home would increase health care problems and increase risks. A true and correct copy of my doctor's letter is attached here to as Exhibit A and made a part hereof. It would therefore be a severe hardship on me to have to have to move out of my home since I don't have anywhere else to go.

I acquired a proprietary interest in this property when my daughter-in-law executed a Quitclaim Deed on November 11, 2009. The Quitclaim Deed was signed prior to my bankruptcy filing, even though it was recorded on November 25, 2009. My daughter-in-law was willing to gift me a 50% interest because she knows that I have nowhere else to live. This was not done in bad faith but rather it was a gesture of my daughter-in-law's good will.

My chapter 13 plan has been confirmed and there was no objection to it by the part of IndyMac/One West Bank. I have complied with the terms of the Chapter 13 Plan, as well as the payments for the trial period loan modification entered into with One West Bank since the filing of my bankruptcy petition. Therefore, there are no post-petition arrearages.

c) **Bad Faith.** If there is any party acting in bad faith it is IndyMac/One West Bank. It has agreed to accept loan modification payments under an amount agreed upon in

the Home Affordable Modification Trial Period Plan (HAMTP), a sum which amounts to $1,395 per month. A true and correct copy of this agreement is attached here to as Exhibit B and made a part hereof. My daughter-in-law and I have been complying with all the requirements under this agreement; however, IndyMac/One West Bank is now asking for more money and seeking an order to foreclose our home.

On April 1, 2010, IndyMac/One West Bank filed a Motion for Relief from Stay for this same property, with the intention of requesting an order to foreclose, even though I was making timely plan payments and the trial loan modification payments were being made. On April 12, 2010, my attorney caused to be filed an Opposition to the Motion, attaching a copy of the HAMTP loan modification paperwork that my daughter-in-law had received.  On April 16, 2010, IndyMac filed a Notice to withdraw their Motion and the hearing was taken off-calendar.  I assumed this meant that they were going to allow the loan modification to be completed so that I could obtain a permanent loan modification and continue living in my home. I feel they are acting in bad faith in that they indicated they would assist us with a loan modification, accepted our trial payments, and are now pulling the carpet out from under us.

d) **Action Pending.** Currently, there is an action pending in the United States District Court Southern District of California, case number 09 CV 2321 IEG CAB, regarding the adequacy of IndyMac/One West Bank's lending practices.  During these proceedings, IndyMac sent two letters to my daughter-in-law, dated November 2 and November 5, 2009, both of which letters professing to be willing to work on a loan modification. A true and correct copy of the November 2 letter is attached hereto as

Exhibit C and made a part hereof. A true and correct copy of page one of the November 5 letter is attached hereto as Exhibit D and made a part hereof. IndyMac/One West is attempting to gain an unfair advantage in this civil litigation by bringing this Motion for Relief in my bankruptcy case. It is also important for the Court to note that this is the second time that IndyMac/One West Bank has brought loan modification alternatives but has later withdrawn and sought to foreclose my home. Such arbitrary practices by an institution that has a fiduciary responsibility to its customers should not be condoned.

e) **Statement of the provable value of our property.** The approximate current market value of the property is $289,500.00.

f) **Statement as to competence of the declarants.** I, the undersigned, am the debtor in the above-captioned case, and am informed and believe that the value of the houses selling in our neighborhood by inquiring on the Internet.

g) **Debtor hereby requests an evidentiary hearing to prove all of the statements contained herein.**

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct except for those statements made on information and belief, and as to them I also believe them to be true and correct. This declaration was executed at San Diego, California on September 14, 2010.

/s/ JESSIE M. ARIZMENDI
JESSIE M. ARIZMENDI

EXHIBIT A

## SHELDON H. STEINER M.D.

7339 El Cajon Blvd.
La Mesa, CA 91941
(619) 668 1515
Fax (619) 668 1525

RE: Arizmendi, Jessie

To Whom it may concern,

This is an 86 year old female with serious health problems. The loss of her home would increase health care problems, and increase risks.

Sincerely yours,

*[signature]*

Sheldon H. Steiner M.D., FACC, emeritus; American Board of Internal Medicine

**EXHIBIT B**

Investor Loan #: 

# HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN
## (Step One of Two-Step Documentation Process)

Trial Period Plan Effective Date: 12/1/2009
Borrower ("I")[1]: Frida Vissuet
Lender or Servicer ("Lender"): IndyMac Mortgage Services, a division of OneWest Bank, FSB
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): 7/24/2007
Loan Number:
Property Address ("Property"): 2234 Morose St, Lemon Grove, CA 91945

If I am in compliance with this Trial Period Plan (the "Plan") and my representations in Section 1 continue to be true in all material respects, then the Lender will provide me with a Home Affordable Modification Agreement ("Modification Agreement"), as set forth in Section 3, that would amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Plan and not defined have the meaning given to them in the Loan Documents.

If I have not already done so, I am providing confirmation of the reasons I cannot afford my mortgage payment and documents to permit verification of all of my income (except that I understand that I am not required to disclose any child support or alimony unless I wish to have such income considered) to determine whether I qualify for the offer described in this Plan (the "Offer"). I understand that after I sign and return two copies of this Plan to the Lender, the Lender will send me a signed copy of this Plan if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Plan will not take effect unless and until both the Lender and I sign it and Lender provides me with a copy of this Plan with the Lender's signature.

1. **My Representations.** I certify, represent to Lender and agree:
   A. I am unable to afford my mortgage payments for the reasons indicated in my Hardship Affidavit and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;
   B. I live in the Property as my principal residence, and the Property has not been condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents;
   D. I am providing or already have provided documentation for **all** income that I receive (and I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for the Offer);
   E. Under penalty of perjury, all documents and information I have provided to Lender pursuant to this Plan, including the documents and information regarding my eligibility for the program, are true and correct; and
   F. If Lender requires me to obtain credit counseling, I will do so.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Reference #: ▓▓▓▓▓

2. **The Trial Period Plan.** On or before each of the following due dates, I will pay the Lender the amount set forth below ("Trial Period Payment"), which includes payment for Escrow Items, including real estate taxes, insurance premiums and other fees, if any, of U.S. $286.51.

| Trial Period Payment # | Trial Period Payment | Due Date On or Before |
|---|---|---|
| 1* | $1,395.00 | 12/1/2009* |
| 2 | $1,395.00 | 1/1/2010 |
| 3 | $1,395.00 | 2/1/2010 |

The Trial Period Payment is an estimate of the payment that will be required under the modified loan terms, which may be finalized in accordance with Section 3 below. The actual payments under the modified loan terms, however, may be different.

*I understand that my first payment and this signed Trial Period Plan must be received by the Lender no later than 12/1/2009 or I may not be accepted into the Home Affordable Modification Program.

I agree that during the period (the "Trial Period") commencing on the Trial Period Effective Date and ending on the earlier of: (i) the first day of the month following the month in which the last Trial Period Payment is due (the "Modification Effective Date") or (ii) termination of this Plan, I understand and acknowledge that:

A. TIME IS OF THE ESSENCE under this Plan; this means I must make all payments on or before the days that they are due;

B. Except as set forth in Section 2.C. below, the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Plan terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action. All rights to such notices are hereby waived by me to the extent permitted by applicable law;

C. If my property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and the lender may foreclose if I have not made each and every Trial Period Payment that is due through the end of the month preceding the month in which the foreclosure sale is scheduled to occur. If a foreclosure sale occurs pursuant to this Section 2.C., this plan shall be deemed terminated;

D. The Lender will hold the payments received during the Trial Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. I understand the Lender will not pay me interest on the amounts held in the account. If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;

E. When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;

F. If prior to the Modification Effective Date, (i) the Lender does not provide me a fully executed copy of this Plan and the Modification Agreement; (ii) I have not made the Trial Period payments required under Section 2 of this Plan; (iii) the Lender determines that any of my representations in Section 1 were not true and correct as of the date I signed this Plan or are no longer true and correct at any time during the Trial Period; or (iv) I do not provide all information and documentation required by Lender, the Loan Documents will not be modified and this Plan will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Plan shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and

G. I understand that this Plan is not a modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification, (ii) I receive a fully executed copy of a Modification Agreement, and (iii) the Modification Effective Date has passed. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if the Lender determines that I do not qualify or if I fail to meet any one of the requirements under this Plan. If, under the Lender's procedures, a title endorsement(s) and/or subordination agreement(s) are required to ensure that the modified Loan Documents retain first lien position and are fully enforceable, I understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents or execute the Modification Agreement if the Lender has not received an acceptable title endorsement(s) and/or subordination agreement(s) from the other lien holders, as Lender determines necessary.

3. **The Modification.** I understand that once Lender is able to determine the final amounts of unpaid interest and any other delinquent amounts (except late charges) to be added to my loan balance and after deducting from my loan balance any remaining money held at the end of the Trial Period under Section 2.D. above, the Lender will determine the new payment amount. If (1) my representations in Section 1 were and continue to be true in all material respects; (2) I comply with the requirements in Section 2; (3) I provide the Lender with all required information and documentation; and (4) the Lender determines that I qualify, the Lender will send me a Modification Agreement for my signature which will modify my Loan Documents as necessary to reflect this new payment amount and waive any unpaid late charges accrued to date. The Modification Agreement will provide that, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the loan unless permitted by applicable State or Federal law, rules or regulations. This Plan shall terminate the day before the Modification Effective Date and the Loan Documents, as modified by a fully executed Modification Agreement, shall govern the terms between the Lender and me for the remaining term of the loan. Provided I make timely payments during the Trial Period and both the Lender and I execute the Modification Agreement, I understand that my first modified payment will be due on the Modification Effective Date (i.e. on the first day of the month following the month in which the last Trial Period Payment is due).

4. **Additional Agreements.** I agree to the following:

   A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Plan, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Plan (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) or the Lender has waived this requirement in writing.

   B. To comply, except to the extent that they are modified by this Plan, with all covenants, agreements, and requirements of the Loan Documents, including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.

   C. If Lender may establish an escrow account under applicable law, this Plan constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked. I have been advised of the amount needed to fund my escrow account and I agree to the establishment of an escrow account. If the Loan Documents do not currently have escrow account provisions that govern, among other things, the collection, posting and payment of Escrow Items to and from the escrow account, the Lender will include provisions in my Modification Agreement that are similar to the escrow account provisions in the Fannie Mae/Freddie Mac Uniform Instrument for the state in which I live


D. That all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents.

E. That I will execute such other and further documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Plan; or (ii) correct the terms and conditions of this Plan if an error is discovered.

F. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I understand and consent to the disclosure of my personal information and the terms of this Trial Period Plan and the Modification Agreement by Lender to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (e) any HUD certified housing counselor.

G. That, as of the Trial Period Plan Effective Date, I understand that the Lender will only allow the transfer and assumption of this Trial Period Plan to a transferee of my property in the case of my death, divorce or marriage to the same extent as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. This Plan may not, under any other circumstances, be assigned to, or assumed by, a buyer or transferee of the Property.

H. Notwithstanding anything herein to the contrary, if my final two Trial Period Payments are received by Servicer after the close of business on the 15th calendar day of the last month of the Trial Period but before the end of the Trial Period, I agree that the Trial Period shall be extended by one calendar month (the "Additional Trial Period"). I agree to abide by all terms and provisions of this Plan during the Additional Trial Period. In addition, I agree to make a Trial Period Payment in the amount of $1,395.00 no more than 30 days after the last due date listed in the chart in Section 2 above.

In Witness Whereof, the Lender and I have executed this Plan.

IndyMac Mortgage Services,
a division of OneWest Bank, FSB
Lender

_Frida Vissuet_ (Seal)
Frida Vissuet

11/18/09
Date

By: _____          _____ (Seal)

Date                              Date

HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3156    3/09 (rev. 8/09)    page 4 of 4 pages)

EXHIBIT C

## IndyMac Mortgage Services
a division of OneWest Bank, FSB℠

November 2, 2009

IB41102A    7000003138 01.0007.0389 3138/1

Frida Vissuet
PO Box 478
Bonita, CA 91908-0478

Loan Number: 
Reference Number:
Property Address: 2234 Morose St
Lemon Grove, CA  91945

Dear Frida Vissuet,

Thank you for your recent request for a loan modification. We are committed to reviewing your situation to determine if you are eligible for a loan modification or one of our other programs. Unfortunately, we cannot complete our review because the information you have submitted in your financial packet is not complete.

- The original modification request package you submitted was incomplete. In order to continue processing your request we will need an updated packet with all requested documents. Please refer to the checklist in your original submission to ensure that you have copies of all requested documents and that they are complete. If you are not sure what documents you need to send please call 1.888.468.0540 to speak with a customer service representative.

To avoid further delays in our review process, please submit the above items to us.  Items can be faxed to 1.866.435.7643.  Failure to comply with this request may result in disqualification of eligibility for a loan modification offer.

Once we have received all of the required information, we will contact you within 30 days.

If you do not qualify for a loan modification we will not be able to modify your loan, but may be able to offer you an alternative solution such as a short sale.  If you have any questions regarding this letter please call us at 1.888.468.0540.

Sincerely,

Brandon Latman
First Vice President
IndyMac Mortgage Services, a division of OneWest Bank, FSB℠


3824

© 2009 IndyMac Mortgage Services, a division of OneWest Bank, FSB. Registered trade/service marks are the property of OneWest Bank, FSB and/or its subsidiaries.

IndyMac Mortgage Services is a debt collector. This communication is an attempt to collect a debt and any information obtained will be used for that purpose. If your debt has been discharged pursuant to the Bankruptcy laws of the United States, this communication is intended solely for informational purpose.

EXHIBIT D

 **HELPING YOU STAY IN YOUR HOME.**  MAKING HOME AFFORDABLE

**IndyMac Mortgage Services**
a division of OneWest Bank, FSB℠

*You may be able to make your payments more affordable.*
*Act now to get the help you need!*

November 5, 2009

Frida Vissuet
Po Box 478
Bonita, CA 91908

Loan #: 1010324638
Reference #: 1010324638T3720
Property Address: 2234 Morose St
Lemon Grove, CA 91945

Dear Frida Vissuet,

**You may qualify for a Home Affordable Modification Trial Period Plan – a way to make your payment more affordable.**

We have enclosed a customized Home Affordable Modification Trial Period Plan ("*Trial Period Plan*"). If you qualify under the federal government's Home Affordable Modification Program and comply with the terms of the Trial Period Plan, we will modify your mortgage loan and you can avoid foreclosure.

### STEP 1 — PROVIDE THE INFO WE NEED TO HELP YOU

Detailed instructions on what you need to do to take advantage of this offer are set forth on the enclosed document entitled "Complete Your Checklist." Generally, you will need to:

- *Explain the financial hardship that makes it difficult for you to pay your mortgage loan using the Hardship Affidavit (enclosed).*
- *Submit the required documentation of your income.*
- *Make timely monthly trial period payments.*

The monthly trial period payments are based on the income information that you previously provided to us. They are also our estimate of what your payment will be IF we are able to modify your loan under the terms of the program. If your income documentation does not support the income amount that you previously provided in our discussions, two scenarios can occur:

1) Your monthly payment under the Trial Period Plan may change
2) You may not qualify for this loan modification program

If you do not qualify for a loan modification, we will work with you to explore other options available to help you keep your home or ease your transition to a new home.

### STEP 2 — LET US KNOW THAT YOU ACCEPT THIS OFFER

Please let us know no later than 11/23/2009 that you accept the Trial Period Plan. Now is the time to act. We are ready to help you. Please take the steps outlined on the enclosed document "Complete Your Checklist." If you have any questions, please contact us at 1.866.682.9739.

Sincerely,

Brandon Latman
First Vice President
IndyMac Mortgage Services, a division of OneWest Bank, FSB℠

---

The *Making Home Affordable* program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, Freddie Mac (the owner of your loan), your servicer, and the Federal Government are working to offer you options to help you stay in your home.

Attachments: Complete Your Checklist, Important Program Info, Frequently Asked Questions, Two copies of the Trial Period Plan, Hardship Affidavit, and IRS Form 4506-T

Freddie Mac Form 1123   3/09