Ruben F. Arizmendi, Esq.
ARIZMENDI LAW FIRM
SBN 151182
110 West C Street, Suite 1300
San Diego, CA  92101
Tel: (619) 231-0460
Fax: (619) 231-1899

Attorney for Debtor/Respondent

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>JESSIE ARIZMENDI,<br><br>                Debtor.<br><br>ONEWEST BANK, FSB,<br><br>                Moving Party.<br><br>Vs.<br><br>JESSIE M. ARIZMENDI, DEBTOR; AND THOMAS H. BILLINGSLEA, CHAPTER 13 TRUSTEE,<br><br>                Respondents. | CASE NO:  09-19263-PB13<br><br>Chapter 13<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY**<br><br>Rs No. CNR-1<br><br>Date:  9-28-2010<br>Time:  2:00 p.m.<br>Dept.:  ONE |

STATEMENT OF FACTS

On December 16, 2009, Debtor filed her Chapter 13 voluntary bankruptcy petition.

Debtor has a proprietary interest in real property located at 2234 Morose Street, Lemon Grove, CA 91945, (50% interest), the other 50% belonging to Debtor's daughter-in-law.  The approximate current market value is $289,500.00 and the debt for the first mortgage is $379,660.17.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

- 1

Debtor's chapter 13 plan has been confirmed and there was no objection to it by Movant and Movant's previous Motion for Relief from Stay was withdrawn without giving any reason or explanation. Debtor has complied with the terms of the Chapter 13 Plan, as well as the payments for the trial period loan modification entered into with OneWest Bank since before the filing of Debtor's bankruptcy petition. Movant had agreed to accept loan modification payments on a trial basis in the sum of $1,395 per month, which Debtor has been complying with. Therefore, there are no post-petition arrearages.

On April 1, 2010, Debtor filed a Motion for Relief from Stay for this same property, with the intention of requesting a right to proceed with a foreclosure, even though Debtor was making timely plan payments and trial loan modification payments. On April 12, 2010, Debtor filed an Opposition to Movant's Motion. On April 16, 2010, Debtor filed a Notice to Withdraw their Motion and the hearing was taken off-calendar.

In addition, there is currently pending litigation in the United States District Court Southern District of California, case number 09 CV 2321 IEG CAB, regarding the appropriateness of the Movant's foreclosure proceedings. Debtor is attempting to gain an unfair advantage in the civil litigation, which was initiated by Frida Vissuet, who is Debtor's daughter in law and co-owner of the Subject Property, by bringing this Motion for Relief in this bankruptcy case.

The court should also note that over the last three years, the United States has been in a foreclosure crisis. A congressional oversight panel has recently noted that one in eight U.S. mortgages is currently in foreclosure or default.[1]

---

[1] Congressional Oversight Panel, Oct. 9, 2009 report at 3. Available at http://cop.senate.gov/reports/library/report-100909-cop.cfm

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

- 2 -

Further, the California Legislature found and declared the following in enacting California Civil Code 2923.6 on July 8, 2008:

(a) California is facing an unprecedented threat to its state economy because of skyrocketing residential property foreclosure rates in California. Residential property foreclosures increased sevenfold from 2006 to 2007, in 2007, more than 84,375 properties were lost to foreclosure in California, and 254,824 loans went into default, the first step in the foreclosure process.

(b) High foreclosure rates have adversely affected property values in California, and will have even greater adverse consequences as foreclosure rates continue to rise. According to statistics released by the HOPE NOW Alliance the number of completed California foreclosure sales in 20′07 increased almost threefold from 2002 in the first quarter to 5574 in the fourth quarter of that year. Those same statistics report that 10,556 foreclosure sales, almost double the number for the prior quarter, were completed just in the month of January 2008. More foreclosures means less money for schools, public safety, and other key services.

The legislature also stated that under specified circumstances, mortgage lenders and servicers are authorized under their pooling and servicing agreements to modify mortgage loans when the modification is in the best interest of investors. Generally, that modification may be deemed to be in the best interest of investors when the net present value of the income stream of the modified loan is greater than the amount that would be recovered through the disposition of the real property security through a foreclosure sale.

Important as well is the fact that between October 2008 and June 2010, the FBI opened 23 local mortgage fraud task forces around the country with the purpose of curtailing the illegal misstatement, misrepresentation or omission of material facts on mortgage applications. As of June 2009, suspicious mortgage-related activity for the year was on track to exceed 70,000 cases, a 10 per cent increase over 2008 levels, according to preliminary FBI estimates. Mortgage fraud-related losses totalled $1.4bn in 2008, an 83.4 per cent rise over the previous year.

In the first six months of 2009, losses exceeded levels for the same period in 2008 by $208m. Los Angeles, Miami, San Francisco, Chicago, Sacramento, New York, Tampa, Detroit, Minneapolis and Atlanta were the top cities in descending order for mortgage fraud.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

Lastly, the court should also note that a class action law suit has been filed against IndyMac/One West Bank in the state of Nevada. The suit alleges that IndyMac/One West Bank did not deal in good faith with customers borrowing money and used deceptive and unfair practices, such as focusing on minority groups and selling them loans the bank knew those clients couldn't pay.

Debtor provides this information to the Court in an effort to demonstrate that she has been an additional victim of IndyMac/One West Bank's abusive lending practices. In making its decision the court should acknowledge that Debtor is not acting in bad faith but is rather fighting, as many other home owners throughout the country, for the preservation of her most coveted possession.

## ARGUMENT

### I: MOVANT'S MOTION FOR RELIEF FROM AUTOMATIC STAY SHOULD BE DENIED BECAUSE GRANTING SUCH WILL RESULT IN AN AILING 86-YEAR OLD WOMAN BEING EVICTED FROM HER HOME AND THERBY PREVENT HER FROM EXECUTING HER CHAPTER 13 PLAN

To obtain relief from automatic stay, creditor need prevail on only one of two alternative tests: Either the creditor is entitled to relief for cause, including lack of adequate protection of its interest in the subject property or if debtor does not have equity in property and the property is not necessary to the effective reorganization. *Bankr.Code, 11 U.S.C.A.* § 362 (d).

Debtor is an ailing 86-year-old woman whose estate amounts to the home which Movant proposes to foreclose. Debtor's physician, Dr. Sheldon H Steiner, has stated that Debtor has serious health problems and that the loss of her home would increase her health risks. A true and correct copy Dr. Steiner's letter is attached here to as Exhibit A. Fortunately, at this time and even before this time, Debtor provided adequate protection to Movant. Debtor has provided a reasonable amount of protection based on the amount agreed upon in the Home Affordable Modification Trial Period Plan. A true and correct copy of this agreement is attached here to as Exhibit B. It is unreasonable that such demands be made on such a frail and vulnerable person who is simply looking for alternatives to pay off her debt. If Movant were acting in good faith, it

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

- 4 -

would accept Debtor's approved and confirmed plan and consider such payments as sufficient adequate protection of their interest. As additional adequate protection, property values are increasing in the Debtor's neighborhood from the all-time lows they had been experiencing.

Debtor does not have equity in her property, by virtue of the traditional definition of equity as the value which exceeds the amount due over the fair market value of the property. Such lack of equity was not caused by Debtor's actions but rather was the result of inflated housing prices and a failing national economy. Debtor should not be held responsible for such acts that are beyond her control.

Lastly, under public policy principles, Debtor's home should be considered necessary to an effective reorganization in that she will be destitute if her home is foreclosed out from under her. Thus, Debtor's livelihood depends on the preservation of this property. The Court in this jurisdiction has recognized that maintaining a family home can be an important component of reorganizing one's financial circumstances. Therefore, the successful completion of Debtor's Chapter 13 Plan depends on her ability to keep her home.

## II: DEBTOR'S OPPOSITION TO RELIEF FROM AUTOMATIC STAY SHOULD BE SUSTAINED BECAUSE DEBTOR IS ACTING IN GOOD FAITH

Movant argues that Debtor is filing her bankruptcy petition in bad faith. Such accusations are false. The court in *In Re Jonathan Barnes Leavitt*, 171F.3d 1219 at 1224 (1999) held that bad faith filing of a Chapter 13 petition, involves application of the "totality of the circumstances" test, and the bankruptcy court should consider the following factors: (1) whether debtor misrepresented facts in his petition or plan, unfairly manipulated the bankruptcy code, or otherwise filed his petition or plan, in an inequitable manner; (2) debtor's history of filing and dismissals; (3) whether debtor only intended to defeat state court litigation; and (4) whether egregious behavior is present. Bankruptcy Code, 11 U.S.C. §§349(a), 1307(c).

In this case there is no evidence in support of the above mentioned factors necessary to satisfy a claim of bad faith bankruptcy filing. First, Debtor has never *misrepresented* facts in her

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

- 5 -

petition or plan; nor has Debtor manipulated the Bankruptcy code or otherwise filed her petition or plan in an inequitable manner. Second, Debtor has never filed for bankruptcy in the past. Third, Debtor is filing for bankruptcy due to financial hardship that was caused as a result of Movant's unwillingness to modify Debtor's loan. Thus, Debtor is not intending to defeat state court litigation through these proceedings. Lastly, Debtor has not engaged in any egregious behavior. Therefore, there is no basis in fact or law which support Movant's claim that Debtor is filing her Chapter 13 Plain in bad faith. There is no bad faith here.

### III: DEBTOR'S OPPOSITION TO RELIEF FROM AUTOMATIC STAY SHOULD BE SUSTAINED BECAUSE MOVANT HAS FAILED TO UPHOLD THE TERMS OF THE HOME AFFORDABLE MODIFICATION TRIAL PERIOD PLAN AND OTHER LOAN MODIFICATION AGREEMENTS

On 12/1/2009, the parties to this action entered into an Agreement under the Home Affordable Modification Trial Period Plan (Exhibit A). Since the initiation of this agreement Debtor has made timely payments and Movant has accepted such payments. However, after more than 9 (nine) months of successful transactions, Movant has filed a Motion For Relief for Automatic Stay in an effort to continue foreclosure proceedings on Debtor's property. Section 2(B) of the Home Affordable Modification Trial Period states in part the following:

> …the Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this plan, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this plan terminates…

As previously stated, Debtor has complied with her obligations under the Agreement and has never been notified of Movant's intention to terminate such agreement. Accordingly, Movant's motion for Relief from Automatic Stay should be denied because foreclosure proceedings on Debtor's property are currently suspended due to her full compliance with the terms of the Home Affordable Modification Trial Period Plan.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

- 6 -

Furthermore, currently there is an action pending in the United States District Court Southern District of California, case number 09 CV 2321 IEG CAB, regarding the adequacy of Movant's lending practices. During these proceedings, Movant sent two letters to the Plaintiff therein, dated November 2 and November 5, 2009, both of which letters professing to be willing to work with Plaintiff on a loan modification of the subject Loan. A true and correct copy of the November 2 letter is attached hereto as Exhibit C and made a part hereof. A true and correct copy of page one of the November 5 letter is attached hereto as Exhibit D and made a part hereof. However, Movant failed to uphold its part of the agreement by denying Debtor's co-owner, Frida Vissuet, the agreed upon loan modification without proper justification or notice.

Movant's failure to provide Debtor's co-owner with a loan modification has caused her to file for bankruptcy. Though the Agreement under the Home Affordable Modification Trial Period Plan appeared to be a tentative solution to the problem at hand, by filing a motion for Relief from Automatic Stay, Movant is again showing its unwillingness to work with Debtor and her co-owner and to maintain its side of the bargain. The Court should not tolerate Movant's arbitrary decisions that are causing a willing Debtor to repay her debt in order to save her property. Granting Movant's motion from Relief from Automatic Stay will simply perpetuate the harm that currently plagues the entire country. Debtor's opposition should instead be sustained in the interest of justice and to maintain the status quo.

**WHEREFORE,** Debtor, Jessie Arizmendi, prays as follows:

1: That Movant's Motion for Relief from Automatic Stay be DENIED.

Respectfully Submitted,

Dated: September 14, 2010

  /s/ Ruben F. Arizmendi
RUBEN F. ARIZMENDI, ESQ

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR RELIEF FROM AUTOMATIC STAY

- 7