**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

Order Entered on June 14, 2011 by Clerk U.S. Bankruptcy Court Southern District of California

In Re

Jessie M. Arizmendi

Debtor.

BANKRUPTCY NO. 09-19263-PB13

Date of Hearing: July 29, 2011
Time of Hearing: 10:00 a.m.
Name of Judge: Laura S. Taylor

## ORDER TO SHOW CAUSE: RE MISREPRESENTATION

IT IS HEREBY ORDERED as set forth on the one continuation page attached, numbered two (2).

DATED: June 14, 2011

Judge, United States Bankruptcy Court

On May 26, 2011, this Court issued its Memorandum Decision regarding the motion for relief from stay (RS No. CNR-2) ("Stay Motion") filed by OneWest, FSB ("OneWest") in Debtor Jessie Arizmendi's chapter 13 case. The Memorandum Decision, as well as the defined terms contained therein are hereby fully incorporated herein.

OneWest supported the Stay Motion with a declaration of Mr. Brian Burnett ("OneWest Declaration"). Mr. Burnett, among other things, declared under penalty of perjury that OneWest was the real party in interest in connection with the Stay Motion "as they are the current beneficiary under the terms of a promissory note and/or Deed of Trust attached hereto." The OneWest Declaration also generally stated that OneWest received an interest in the Trust Deed pursuant to an assignment from MERS. The assignment referenced in the declaration is dated 2010 and evidences an assignment of the Trust Deed and the Note by MERS as a nominee of the Original Lender **directly** to OneWest. Finally, the OneWest Declaration, which uses the terms OneWest and Secured Creditor interchangeably, states that Secured Creditor is the : "holder and in actual physical possession of the original [Note] attached as Exhibit E."

The form of note authenticated by the OneWest Declaration is identical to the form of note attached to a proof of claim also filed in Ms. Arizmendi's bankruptcy case.

At the trial on the Stay Motion, OneWest's witness, Mr. Charles Boyle, testified that the beneficiary of the loan was Freddie Mac. This Court thereafter required post-trial briefing.

OneWest, in its post-trial brief, provided a standing argument based on a new version of the Note, which attached an allonge dated July 24, 2007 evidencing a transfer from Original Lender to IndyMac Bank, FSB and bore an endorsement in blank from IndyMac Bank, FSB. This was new information not presented in the OneWest Declaration and this note was not identical to the note authenticated by the OneWest Declaration and attached to the OneWest Proof of Claim.

This Court is concerned, thus, that OneWest provided false or misleading evidence to the Court and that OneWest did so willfully, maliciously, in bad faith, and/or for an inappropriate purpose.

Thus, pursuant to 11 U.S.C. § 105(a), Federal Rule of Bankruptcy Procedure 9011, and this Court's inherent powers,

**IT IS HEREBY ORDERED AND NOTICE IS GIVEN** that:

OneWest Bank, FSB is directed to appear before the Honorable Laura S. Taylor, Judge, United States Bankruptcy Court, on July 29, 2011, at 10:00 am, in Department No. 3, Room 129, Jacob Weinberger United States Courthouse, located at 325 West "F" Street, San Diego, California 92101-6991, to show cause why OneWest should not be subject to compensatory and/or coercive sanctions based on the matters discussed above and as set forth in more detail in the Memorandum Decision.

**NOTICE IS FURTHER PROVIDED** that:

This Court is considering imposing compensatory sanctions to include a recovery of any costs Ms. Arizmendi would not have incurred, but for OneWest's improper actions; and

This Court is also considering imposing a significant coercive sanction intended to deter any future tender of misleading evidence to any court of this district. Such a coercive sanction could include, but not be limited to, a payment to the court if future misrepresentations occur.

Any response to this Order to Show Cause must be in writing and filed with this Court no later than July 15, 2011.

*Signed by Judge Laura Stuart Taylor June 14, 2011*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In re Jessie M. Arizmendi, Bk. No. 09-19263-PB13

## CERTIFICATE OF MAILING

The undersigned, a regularly appointed and qualified clerk in the office of the United States Bankruptcy Court for the Southern District of California, at San Diego, hereby certifies that a true copy of the attached document, to wit:

## ORDER TO SHOW CAUSE: RE MISREPRESENTATION

was enclosed in a sealed envelope bearing the lawful frank of the bankruptcy judges and mailed to each of the parties at their respective addresses listed below:

Ruben F. Arizmendi, Esq.
Arizmendi Law Firm
110 West "C" Street, Suite 707
San Diego, CA 92101

Thomas Billingslea, Jr., Ch 13 Trustee
530 B Street, Suite 1500
San Diego, CA 92101

OneWest Bank **(VIA CERTIFIED MAIL and US MAIL)**
Attn: Joseph Otting, President, CEO
888 East Walnut Street
Pasadena, CA 91101

Robert R. Barnes, Esq.
Joshua A. del Castillo, Esq.
Allen Matkins Leck
   Gamble Mallory & Natsis LLP
501 West Broadway, 15th Floor
San Diego, CA 92101-3541

United States Trustee
Office of the U.S. Trustee
402 West Broadway, Suite 600
San Diego, CA 92101-8511

Said envelope(s) containing such document was deposited by me in a regular United States Mail Box in the City of San Diego, in said District on June 14, 2011.

_____
Regina A. Fabre, Judicial Assistant

CSD 1195

*Signed by Judge Laura Stuart Taylor June 14, 2011*