Case:  <u>In re Jessie M. Arizmendi</u>    (Bk. 09-19263-PB13)

Hearing Date/Time:   July 29, 2011 at 10:00 a.m.

ORDER TO SHOW CAUSE RE:  MISREPRESENTATION

Dept. 3 Tentative:

    Hear.

    On June 14, 2011, this Court issued an Order to Show Cause directing OneWest Bank, FSB ("OneWest") to appear and show cause why it should not be subject to compensatory and/or coercive sanctions based on its actions in this chapter 13 case. The Order to Show Cause provided an abbreviated, but still detailed, outline of the areas of concern. The Order to Show Cause also referred OneWest to this Court's Memorandum Decision dated May 26, 2011.

    The Court concludes that OneWest was completely advised as to the Court's areas of concern and had an adequate opportunity to respond. In particular, the Court allowed OneWest until July 15, 2011 to file and serve a written response. The Court underscores that the normal time for response to a motion in this District is 17 days. OneWest had 31 days to respond.

    OneWest filed its response on July 16, 2011 – a day late. OneWest provided no explanation for its late filing and, similarly, did not request an extension of time. Notwithstanding, the Court determines that it will overlook the untimeliness of the response and will consider the OneWest submission.

    In reviewing the opposition, the Court immediately comes to the conclusion that OneWest largely missed the point. OneWest spent significant time in its response discussing the Uniform Commercial Code, negotiable instruments, and the issues that frequently arise in relief from stay matters before this Court. But, this is not a case where the Court misapprehends the fact that a servicer, in many circumstances, can appropriately seek relief from stay. The Court requests that argument at the hearing focus on the following:

    OneWest argues that it did not make any misrepresentations to the Court; the Court sees things differently.

    In its first relief from stay motion, OneWest relied on the Declaration of Chamagne Williams. Ms. Williams states that the facts as set forth in the declaration are "known to me personally and I have firsthand knowledge of them." She identified OneWest Bank FSB as the "Secured Creditor" and says she is "familiar with the subject deed of trust and **loan** in favor of Secured Creditor herein." (Emphasis added). She also states that: "... Secured Creditor is the holder and in actual physical possession of the original Promissory Note dated 7/24/2007 . . .." She than refers the reader to Exhibit B. Exhibit B is a copy of a promissory note as originally executed and delivered by Ms. Vissuet with an allonge making it payable to the order of IndyMac Bank, FSB. OneWest subsequently withdrew this relief from stay motion.

1

Thereafter, OneWest filed the second relief from stay motion which set in process the chain of events leading to the Order to Show Cause.  OneWest supported this relief from stay motion with the Declaration of Brian Burnett.  Once again, Mr. Burnett testified that he had personal and first-hand knowledge of the facts as set forth in his declaration, and he identifies OneWest Bank FSB as the " Secured Creditor". Once again, Mr. Burnett states that he was "personally familiar with the subject deed of trust and **loan** in favor of secured creditor herein."  (Again, emphasis added). Mr. Burnett also states that "Secured Creditor" is the holder and in actual physical possession of the original promissory note dated 7/24/2007....  He subsequently identifies this note as Exhibit E.  Exhibit E is a version of the promissory note exactly as originally executed by Ms. Vissuet and without the allonge.

The OneWest proof of claim identified OneWest as the creditor to whom money was owed.  It attached a note in the form attached to the Burnett declaration.

And in a post-trial declaration, OneWest provided yet another declaration and at this point attached a third form of promissory note.  This time the note was in the form signed by Ms. Vissuet with the allonge as attached to the Williams declaration and with an additional endorsement in blank.

OneWest's position now seems to be to acknowledge that its evidence was perhaps somewhat confusing, but to deny that it was inaccurate.  The Court disagrees.

The first two declarants stated under penalty of perjury that they had first-hand personal knowledge of the facts discussed in their declarations.  Clearly, this was not true as to the form of the relevant note.  And if they lacked personal knowledge as to the form of the note at the time of the declaration, they also lacked personal knowledge that OneWest held the note.  Statements under penalty of perjury related to the then current form of the note and OneWest's possession of the note were mere assumptions.  And the fact that OneWest held the relevant note and the form of this note are critical to a court's determination that OneWest can appropriately seek stay relief.  If the note is endorsed in blank and OneWest has physical possession, OneWest can enforce the note and seek stay relief.  If OneWest has physical possession, but the note is payable only to another party, then OneWest may be entitled to enforce the note and seek stay relief, but it would do so as a non-holder in physical possession with the rights of a holder as that term is defined in the UCC.  The servicing agreement or other document could provide this status, but additional evidence would be necessary.  And if OneWest did not have physical possession of the note, it might have a right to bring a stay relief motion notwithstanding, but again, additional evidence would be required.

Given this discussion, OneWest should focus on the following:

Does it disagree with the Court's analysis that its first two declarants lacked alleged personal knowledge (including knowledge based on business records) in relation to OneWest's status as a holder and the form of the note in OneWest's possession?

      What pre-trial evidence appropriately established that OneWest was in physical possession of the relevant note endorsed in blank?

      Does it disagree that the Court has the right to require that when it decides an issue in a party's favor that it do so based on accurate information properly presented to the Court?

      Does OneWest deny that this is not its first OSC hearing in the Southern District of California on a similar topic?

      Does OneWest acknowledge that its clear misstatements as to the relevant payment history should be weighed in the Court's determination that OneWest was at best negligent in its submissions to the Court in this case?

      Should the Court consider OneWest's internal costs of relief from stay motions when evaluating the level of accuracy of information being provided to the Court?

      Could OneWest not easily obtain relief from stay notwithstanding its servicer status if it candidly admitted this fact in a declaration under the facts in the case at hand?