**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

Order Entered on
August 15, 2011
by Clerk U.S. Bankruptcy Court
Southern District of California

In Re

Jessie M. Arizmendi

Debtor.

BANKRUPTCY NO. 09-19263-PB13

Date of Hearing: July 29, 2011
Time of Hearing: 10:00 a.m.
Name of Judge: Laura S. Taylor

## ORDER AFTER HEARING ON COURT'S ORDER TO SHOW CAUSE TO ONEWEST BANK FSB ESTABLISHING COERCIVE SANCTIONS

IT IS HEREBY ORDERED as set forth on the continuation pages attached, numbered two (2) through three (3).

DATED: August 12, 2011

Judge, United States Bankruptcy Court

Page 2

Case 09-19263-PB13    Filed 08/12/11    Doc 84    Pg. 2 of 3

ORDER AFTER HEARING ON COURT'S ORDER TO SHOW CAUSE TO
ONEWEST BANK, FSB ESTABLISHING COERCIVE SANCTIONS
DEBTOR: Jessie M. Arizmendi                                                    CASE NO:09-19263-PB13

On June 14, 2011, this Court entered its Order to Show Cause Re Misrepresentation (the "OSC", docket #73) and provided notice thereof to OneWest Bank, FSB ("OneWest") in Bankruptcy Case No. 09-19263-PB13 (the "Arizmendi Case"). The hearing on the OSC was held on July 29, 2011 at 10:00 a.m. (the "Hearing"), before Judge Laura S. Taylor, in Dept. 3 of the United States Bankruptcy Court. Appearances were made as indicated on the record.

The Court issued the OSC based on concerns detailed in this Court's May 26, 2011 Memorandum Decision in relation to OneWest's motion for relief from stay (RS. No. CNR-2) ("Stay Motion"). As set forth in more detail in the Memorandum Decision, the OSC, and the Court's Tentative Ruling on the OSC, the Court preliminarily determined that OneWest provided false or misleading evidence to the Court in the form of declarations and documents submitted before or after trial on the Stay Motion, and, in particular, introduced three different versions of the promissory note allegedly relevant to the Stay Motion.

The Court, having reviewed the written response filed by OneWest in response to the OSC and having considered argument and representations by counsel for OneWest at the Hearing, now finds that OneWest made misrepresentations to the Court. The Court was misled by OneWest's submission of inaccurate, incomplete, and admittedly "sloppy" declarations and documents. In particular, the submission by OneWest of three different versions of the promissory note under the guise of being "the" relevant note was misleading. Further, OneWest's actions resulted in confusion, caused extra work, and promoted a lack of judicial trust in OneWest's representations.

In mitigation, however, the Court finds that OneWest did not seek a litigation advantage by filing such papers and documents. Further in mitigation, OneWest acknowledged that the Court has a right to require that parties seeking relief from the Court present accurate information as the basis for relief, and OneWest took proactive steps to avoid a recurrence of similar problems.

Based on the current record, the Court is not prepared to impose compensatory sanctions at this time and will establish a deadline by which debtor, Jessie Arizmendi, must submit evidence regarding costs that she would not have incurred but for OneWest's improper actions.

The Court, however, will impose coercive sanctions, as set forth below, in an attempt to assure that OneWest's future submissions to the Court do not mislead the Court. As discussed at the Hearing and as confirmed by OneWest's counsel, this is not OneWest's first OSC hearing in the Southern District of California regarding this or similar topics. But OneWest represented to the Court through its counsel that it has implemented internal procedures to rectify the problems identified by this Court. The Court trusts that OneWest can avoid assessment of the coercive sanctions ordered hereby if it follows through on the new procedures and exercises appropriate care in the future.

Now, based on the above and pursuant to 11 U.S.C. §105(a) and this Court's inherent authority,

IT IS HEREBY ORDERED that

Compensatory Sanctions

1. No compensatory sanctions will be assessed against OneWest pursuant to the OSC, unless, on or before 28 days after the conclusion of the parties' mediation, Ms. Arizmendi serves and files with the Court declaratory evidence of the fees and costs that she believes she would not have incurred, but for OneWest's actions as discussed in the OSC. OneWest must file any response to this submission 14 days after receipt of this submission and must obtain a hearing date and give notice of the hearing

Page 3
ORDER AFTER HEARING ON COURT'S ORDER TO SHOW CAUSE TO
ONEWEST BANK, FSB ESTABLISHING COERCIVE SANCTIONS
DEBTOR: Jessie M. Arizmendi                                    CASE NO:09-19263-PB13

Case 09-19263-PB13    Filed 08/12/11    Doc 84    Pg. 3 of 3

date to the Debtor concurrently therewith. The Court will award compensatory damages only if appropriate after review of OneWest's response and after a consideration of any argument at the hearing; and

Coercive Sanctions

2. During the next 12 months, this Court will assess a sanction of not less than $25,000 if, after affording OneWest an opportunity to be heard, the Court determines that OneWest failed to comply with the following: in connection with any stay relief motion, proof of claim, or other request for relief OneWest must present the Court with a copy of the any relevant promissory note in its then existing form and, in particular, bearing all endorsements and attaching all allonges; <u>unless</u> OneWest concurrently makes clear in its declaratory evidence that the form of original note at the time of the declaration is or may be different from the form of note attached to and authenticated by the declaration.

The sanction will be payable to the Clerk of the United States Bankruptcy Court, Southern District of California, on account of each and every instance where the Court determines that OneWest fails to comply with the requirements of this order.

*Signed by Judge Laura Stuart Taylor August 12, 2011*