```
 1  ROBERT R. BARNES (BAR NO. 144881)
    JOSHUA A. DEL CASTILLO (BAR NO. 239015)
 2  ALLEN MATKINS LECK GAMBLE
      MALLORY & NATSIS LLP
 3  515 South Figueroa Street, Ninth Floor
    Los Angeles, California 90071-3309
 4  Phone:  (213) 622-5555
    Fax:  (213) 620-8816
 5  E-Mail:  bbarnes@allenmatkins.com
             jdelcastillo@allenmatkins.com
 6
    Attorneys for Secured Creditor
 7  ONEWEST BANK, FSB
```

## UNITED STATES BANKRUPTCY COURT

### Southern District of California

| In re | Case No. 09-19263-PB12 |
|---|---|
| JESSIE M. ARIZMENDI, | Chapter 13 |
| Debtor. | **STIPULATION RE: (1) RELIEF FROM STAY; AND (2) TURN-OVER OF POSSESSION OF REAL PROPERTY**<br><br>[No Hearing Required] |

Secured Creditor OneWest Bank, FSB ("OneWest") and Debtor Jessie M. Arizmendi (the "Debtor") hereby submit this Stipulation re: (1) Relief from Stay; and (2) Turn-over of possession of real property in connection with their recently completed mediation in the above-captioned case, as follows:

**I.      RECITALS.**

A.      On or about July 24, 2007, the Debtor's daughter-in-law, Frida M. Vissuet ("Vissuet") obtained a mortgage loan (the "Loan") secured by the real property located at 2234 Morose Street, Lemon Grove, California 91945 (the "Property").

1  B. On or about November 11, 2009, Vissuet transferred a fractional interest in the Property to the Debtor, via a Quitclaim Deed recorded on November 25, 2009.

C. On or about November 23, 2009, the Debtor transferred her interest in the Property to herself, as Trustee for the Jessie M. Arizmendi Trust, via a Quitclaim Deed recorded on December 1, 2009. The Debtor presently resides in the Property.

D. After the Debtor was transferred the fractional interest in the Property, on or about December 16, 2009, she filed for bankruptcy protection under chapter 13 of the Bankruptcy Code, commencing the above-captioned case.

E. The Loan has been and remains in default since before Debtor acquired her interest in the Property. OneWest's previous Motion for Relief from Stay was denied, without prejudice, on May 26, 2011.

F. On April 11, 2013, OneWest and the Debtor participated in a mediation concerning all issues relating to the Loan, the Debtor's residence at the Property, Vissuet's residence at the Property, the residence of other individuals at the Property, OneWest's entitlement to relief from the automatic stay, and Vissuet's previously dismissed civil litigation against OneWest arising in connection with the Loan and the Property. The mediation was successful and OneWest, the Debtor, and Vissuet have arrived at an agreement that will: (1) enable OneWest and its affiliates and agents to obtain relief from the automatic stay; and (2) enable the Debtor, Vissuet, and all other residents of the Property to remain in the Property until October 21, 2013, at which time all residents of the Property will vacate the Property and possession of the Property will be turned over to OneWest. Pursuant to the terms of the agreement reached at mediation, OneWest and the Debtor hereby stipulate as follows:

///
////
///

## II. STIPULATION.

In consideration of the foregoing recitals, incorporated herein by this reference, and in connection with the ongoing default on the Loan, OneWest's rights as a secured creditor, and the Debtor's request to remain in the Property for an additional, limited time, OneWest and the Debtor STIPULATE as follows:

1. OneWest and its affiliates and agents shall immediately be granted relief from the automatic stay in order to proceed with a foreclosure of the Property, including, but not limited to, by mailing, recording, and posting any necessary documents and materials against the Property, including a notice of default and notice of sale, provided that no foreclosure of the Property may be completed before October 21, 2013; and

2. The Debtor, Vissuet, and any other residents of the Property shall vacate the Property, and the Debtor shall turn over possession of the Property to OneWest and its designated agent(s), no later than October 21, 2013.  Concurrently with or before vacating the Property, the Debtor, Vissuet, and their respective authorized agent(s) shall deliver all keys, garage door openers, door and gate codes, and similar access materials to a representative to be designated by OneWest.  The Property shall be left in broom-clean, serviceable condition, with all personal property removed.  If, despite the Debtor's and Vissuet's obligations to remove personal property, any personal property is not removed, it will deemed abandoned and discardable, and OneWest and its designated agent(s) shall be excused from compliance with the sections of the California Civil Code pertaining to disposal of personal property.

///
///
///
///
///

3. This Stipulation, and an order on or memorandum of this Stipulation, may be recorded in the real estate records.

Dated: May 3, 2013

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
ROBERT R. BARNES
JOSHUA A. DEL CASTILLO

By: _____
JOSHUA A. DEL CASTILLO
Attorneys for Secured Creditor
ONEWEST BANK, FSB

Dated: May 3, 2013

ARIZMENDI LAW FIRM
RUBEN F. ARIZMENDI

By: _____
RUBEN F. ARIZMENDI
Attorneys for Debtor
JESSIE M. ARIZMENDI

# PROOF OF SERVICE

*In re Jessie M. Arizmendi.*
USBC, Southern District of California, Case No. 09-19263 PB12

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 515 S. Figueroa Street, 9th Floor, Los Angeles, California 90071-3398.

A true and correct copy of the foregoing document(s) described as: **STIPULATION RE: (1) RELIEF FROM STAY; AND (2) TURN-OVER OF POSSESSION OF  REAL PROPERTY** will be served in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – the above-described document will be served by the Court via NEF.  On **May 6, 2013**, I checked the CM/ECF docket for this case and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    - Ruben F. Arizmendi          rfalaw@gmail.com
    - Robert R. Barnes            bbarnes@allenmatkins.com; jbatiste@allenmatkins.com
    - Thomas H. Billingslea       billingslea@thb.coxatwork.com
    - Doyna V. Dardon             bknotice@McCarthyHolthus.com
    - Jenny Judith Ha             billingslea@THB.coxatwork.com
    - Christelle Ramseyer         bknotices@mccarthyholthus.com; cramseyer@mccarthyholthus.com

2. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served)**:  On __May 6, 2013__, I served the following person(s) and/or entity(ies) in this case by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service/carrier addressed as follows.  I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it is deposited with the U.S. postal service on that same day in the ordinary course of business.  I am aware that on motion for party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 (one) day after date of deposit for mailing in affidavit.

959264.01/LA

- 1 -

| | | |
|---|---|---|
| 1 | | |
| 2 | David E. Britton<br>7777 Alvarado Road, Suite 622 | **Via First Class Mail** |
| 3 | La Mesa, CA  91941 | |
| 4 | John M. Turner<br>Turner and Maasch, Inc. | **Via First Class Mail** |
| 5 | 550 West C Street, Suite 1150 | |
| 6 | San Diego, CA  92101 | |
| 7 | Hon. Peter W. Bowie<br>United States District Court | **Chambers Copy** |
| 8 | Southern District of California | **Via Overnight Mail** |
| 9 | 325 West F Street<br>San Diego, CA  92101 | |

Executed on **May 6, 2013**  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                    /s/  *Martha Diaz*
                                    Martha Diaz

959264.01/LA

- 2 -